# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **Chapter 11** |
| **Valet Parking Service, Inc.** | ) | |
| **d/b/a Valet Parking Services, Inc.,** | ) | Case No. 08 B 16625 |
| | ) | |
| Debtor | ) | Hon. Jacqueline B. Cox |
| | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes Rahmon Ali, by and through his attorneys, Dombrowski and Sorenson and Richard N Golding, and moves this Honorable court for relief from the automatic stay pursuant to 11 U.S.C. §362(d) in order to proceed with litigation pending in the Circuit Court of Cook County, Illinois against the Debtor and others, and in support thereof states as follows:

### I
### JURISDICTION

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334 and Local Rule 4.3.1 of the Rules of the U.S. District Court for the Northern District of Illinois And 11 U.S.C. §362.

2.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(G). Venue for this proceeding is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

### II
### BACKGROUND

3.  Petitioner is a plaintiff in a suit pending in the Circuit Court of Cook County, Illinois captioned as Rahmon Ali, Plaintiff v, Valet Parking Service Inc., Skyline Management Company d/b/a Spy Bar, unknown employees of Spy Bar and pending as cause number 2008 L 10021 (hereinafter referred to as the as the "State Court litigation").

4  The State Court Litigation was commenced on September 10, 2008 and arises out of the negligent or intentional operation of an automobile be an unknown employee of the Debtor who struck the Petitioner with an automobile over the "saving" of a parking place and then the unknown employee of the Debtor along with other unknown employees of the Debtor assaulted the Petitioner without cause or provocation causing serious injury to the Petitioner.

5.      The Debtor's Chapter 11 proceeding was filed on June 27, 2008, but the Petitioner was not initially scheduled as a creditor in its initial schedule F, but was so scheduled in Amended Schedule F filed on September 30, 2008.

6.      Debtor is the holder of an insurance policy with Hamilton Brewart Insurance Company under several policies of insurance as evidenced by a certain Certificate of Liability Insurance providing for insurance coverage in excess of Five Million Dollars ($5,000,000.00). A copy of said certificate is attached hereto and made a part hereof as Exhibit "A."

### III
### LEGAL CAUSE FOR RELIEF EXISTS

7.      11 U.S.C. §362 (a) provides that the Court may grant relief from the automatic stay for "cause" shown. In order to determine if cause exists, courts should consider the following factors: (i) whether there would be any prejudice to the bankruptcy estate from the continuation of the civil suit; (ii) whether the hardship to the other party by the maintenance of the stay considerably outweighs the hardship of the debtor; and (iii) whether the creditor has a probability of prevailing on the merits. *In re Fernstrom Storage and Van Co.,* 938 F.2nd 731, 735 (7th Cir. 1991).

8.      The liquidation of the Petitioner's claim for personal injuries would be best accomplished in the State Court Litigation because the state court is best equipped to resolve such matters according to state law.

9.      The Debtor will suffer no prejudice or interruption of its business if the State Court Litigation proceeds since the Petitioner has a right to liquidate his claim and the claim is covered by insurance and Petitioner would be required to return to this Court for further relief in the event such insurance coverage fails or is inadequate.

10.     If Petitioner is not accorder relief from the automatic stay, he would suffer severe hardship. Without the ability to proceed with discovery, Petitioner may be unable to discover the identity of Debtor's employees and other facts that would allow him to prosecute his claim successfully in order to be compensated for the damages he suffered at the hands of Debtor's employees.

### IV
### REQUEST FOR RELIEF

11.     Petitioner respectfully requests that this Court enter an order modifying the automatic stay to allow Petitioner to proceed with the State Court Litigation to liquidate its claim and pursue his recovery from any insurance coverage applicable to this claim.

12.     Petitioner is willing and agrees to seek collection on his claim first from the insurer and will seek further relief from this estate without first seeking further order of relief from this Court.

  13. Petitioner asks that the ten (10) day stay provision of Rule 4001(a)(3) be waived.

**WHEREFORE,** Petitioner respectfully requests:

  (1) the Court enter an Order modifying the automatic stay imposed by §362 of the Bankruptcy code to allow Petitioner to proceed with his State Court Litigation and to pursue any applicable insurance coverage that may apply to his claims in the State Court Litigation;

  (2) the Ten (10) day stay provision of Bankruptcy Rule 4001 (a)(3) be waived; and

  (3) for such other relief as this Court may deem just.

            Respectfully submitted,

            /s/ Richard N. Golding
            One of the Attorneys for Petitioner

Richard N. Golding, Esq. (ARDC 0992100)
THE LAW OFFICES OF RICHARD N. GOLDING PC
500 N. Dearborn Street, 2nd FL
Chicago, IL 60654
Tel: (312) 832-7885
Fax: (312) 755-5720
Email: rgolding@goldinglaw.net

and

Dombrowski and Sorenson
670 N. Clark Street
Chicago, IL 60654
Tel: (312) 943-7804

**REQUIRED STATEMENT TO ACCOMPANY
ALL MOTIONS FOR RELIEF FROM STAY**

All Cases: Debtor(s) ____Valet Parking Services, Inc.____ Case No. __08-16625__ Chapter __11__

All Cases: Moving Creditor _____Rahmon Ali_____ Date Case Filed _____

Nature of Relief Sought: ☒ Lift Stay    ☐ Annul Stay    ☐ Other (describe) _____

Chapter 13: Date of Confirmation Hearing _____ or Date Plan Confirmed _____

Chapter 7: ☐ No-Asset Report Filed on _____
          ☐ No-Asset Report not Filed, Date of Creditors Meeting _____

1. Collateral
   a.    ☐ Home
   b.    ☐ Car   Year, Make, and Model _____
   c.    ☒ Other (describe) _____insurance_____

2. Balance Owed as of Petition Date  $ unliquidated
   Total of all other Liens against Collateral $ unknown

3. Estimated Value of Collateral (must be supplied in *all* cases) $ 5,000,000

4. Default
   a.    ☐ Pre-Petition Default
         Number of months ____    Amount $ _____

   b.    ☐ Post-Petition Default
         i.    ☐ On direct payments to the moving creditor
               Number of months ____    Amount $ _____

         ii.   ☐ On payments to the Standing Chapter 13 Trustee
               Number of months ____    Amount $ _____

5. Other Allegations
   a.    ☐ Lack of Adequate Protection § 362(d)(1)
         i.    ☐ No insurance
         ii.   ☐ Taxes unpaid    Amount $ _____
         iii.  ☐ Rapidly depreciating asset
         iv.   ☒ Other (describe) ____Liquidate claims in state court____

   b.    ☒ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

   c.    ☐ Other "Cause" § 362(d)(1)
         i.    ☐ Bad Faith (describe) _____
         ii.   ☐ Multiple Filings
         iii.  ☐ Other (describe) _____

   d.    Debtor's Statement of Intention regarding the Collateral
         i.    ☐ Reaffirm         ii.   ☐ Redeem
         iii.  ☐ Surrender        iv.   ☐ No Statement of Intention Filed

Date: __10/20/08__                                    _____
                                                      Counsel for Movant

(Rev. 2/21/08)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | **Chapter 11** |
| **Valet Parking Service, Inc.** | ) | |
| **d/b/a Valet Parking Services, Inc.,** | ) | **Case No.  08 B 16625** |
| | ) | |
| **Debtor** | ) | **Hon. Jacqueline B. Cox** |
| | ) | |

**ORDER FOR RELIEF FROM AUTOMATIC STAY**


THIS CAUSE COMING FORTH upon the motion of Rahmon Ali to modify the automatic stay and the Court being fully advised in the premises by argument of counsel and due notice having been given;

IT IS ORDERED AS FOLLOWS:

1. that the automatic stay is hereby modified and Rahmon Ali may proceed with the State Court Litigation in the Circuit Court of Cook County in the cause captioned as Rahmon Ali, Plaintiff v, Valet Parking Service Inc., Skyline Management Company d/b/a Spy Bar, unknown employees of Spy Bar  and pending as cause number 2008 L 10021.

2. that Rahmon Ali may not seek and further relief directly against the Rahmon Ali, Plaintiff v, Valet Parking Service Inc., Skyline Management Company d/b/a Spy Bar, unknown employees of Spy Bar  and pending as cause number 2008 L 10021  or the Debtor's estate without further order of this Court; and

3. that the ten (10) day stay provisions of Bankruptcy Rule 4001 (a)(3) are hereby waived.


ENTERED:  October __, 2008          _____

                                    Jacqueline B. Cox
                                    United States Bankruptcy Court