Case 08-16625    Doc 115    Filed 02/12/09    Entered 02/13/09 10:47:18    Desc Main
Document    Page 1 of 4

08-16625:110.1:Motion to Use Cash Collateral:Proposed Order Entered: 2/4/2009 9:42:55 AM by:Beverly Berneman Page 1 of 4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No. 08 B 16625 |
| VALET PARKING SERVICE, INC., d/b/a | ) | Honorable Jacqueline P. Cox |
| VALET PARKING SERVICES, INC., | ) | |
| | ) | |
| Debtor-In-Possession. | ) | |

## FINAL ORDER PERMITTING DEBTOR TO USE
## CASH COLLATERAL BELONGING
## TO BROADWAY BANK

THIS CAUSE COMING ON TO BE HEARD on motion of Debtor, VALET PARKING SERVICE, INC. d/b/a VALET PARKING SERVICES, INC., for entry of an order permitting it to use cash collateral belonging to Broadway Bank, due notice having been given pursuant to F.R.Bankr. 4001, it appearing to the Court that on July 10, 2008, this Court entered an order granting, in part, Debtor's emergency motion permitting interim use of cash collateral belonging to Broadway Bank on the Court being duly advised in the premises and the Debtor having represented that:

1.  On June 27, 2008, Debtor filed a voluntary case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.  The Debtor is an Illinois corporation. Its principal place of business is 70 West Madison, Chicago, Illinois. Debtor provides valet parking services.

3.  On or about April 30, 2007, Debtor executed a business loan and promissory note in the amount of $150,000.00 in favor of Broadway Bank, which agreement has been modified from time to time, all as is more fully set forth on Exhibit 1 attached to the original Motion filed July 3, 2008. On or about June 30, 2008, Debtor executed a Change in Terms Agreement, a copy of which was attached to the original Motion filed July 3, 2008 as Exhibit 2.

4. Broadway Bank properly filed a UCC-1 with the Secretary of State of Illinois to perfect its security interest in the Debtor's property.

5. Debtor believes that the balance due to Broadway Bank is approximately $152,000.00. Debtor believes that the value of the assets securing its obligations to BROADWAY BANK is approximately $90,000.00.

6. The Debtor requires the use of its cash collateral as it is defined in Section 363(a) of the Bankruptcy Code and requests authorization of this Court to utilize the cash collateral pursuant to the provisions of Section 363(c)(2)(B) of the Bankruptcy Code. A statement showing Debtor's anticipated expenses attached to the original Motion filed July 3, 2008.

7. Broadway Bank will not be harmed by the interim use of cash collateral generated from the assets and proceeds thereof. As to the use thereof, the Debtor proposes that Broadway Bank be granted replacement liens upon the assets in Debtor's possession subsequent to the filing of the Chapter 11 petition to the extent of the collateral utilized, subject to verification of the extent and validity of the liens. In addition, as adequate protection, Debtor proposes to make monthly adequate protection payments to Broadway Bank in the amount of $1,000.00 and to grant Broadway Bank a replacement lien upon the proceeds from assets Debtor acquires subsequent to the filing of the Chapter 11 petition to the extent that the collateral is utilized subject to verification of the extent and validity of the lien.

8. The use of collateral held by Broadway Bank will cause little, if any, harm to Broadway Bank. Conversely, the harm to the Debtor will be substantial because the use of cash collateral is essential to its status as a going concern. The Debtor further believes that Broadway

-2-

Bank is fully protected for the value of its lien provided by a replacement lien to the extent of collateral utilized and the additional security it holds from non-Debtor sources.

9. The Debtor has no other source of income other than the receipts from the revenues from its services. If the Debtor is not given the use of cash collateral, it will be unable pay its employees for their services. If the employees are not paid in a timely manner, Debtor will be unable to retain its employees. The Debtor would then be forced into a premature liquidation.

10. Pursuant to Rule 4001(b) of the Bankruptcy Rules, Debtor must give fifteen (15) days notice to all creditors and parties in interest of a motion requesting leave to use cash collateral. However, pursuant to Rule 4001(b)(2), the court may conduct a preliminary hearing before the fifteen (15) day period expires as is necessary to avoid immediate and irreparable harm.

11. Notice of this Motion has been served upon the Trustee, all parties holding a lien upon the Debtor's assets and the twenty largest creditors. Debtor believes that it is appropriate to reduce the time for notice of this application.

12. Debtor represents that none of the provisions of the proposed cash collateral warrant highlighting as required by LR 4001-2.

IT IS HEREBY ORDERED that:

A. Debtor is authorized to utilize cash collateral to the extent needed pursuant to the attached projected monthly budget.

B. Broadway Bank is granted a lien on the proceeds from assets Debtor acquires subsequent to the filing of the Chapter 11 petition to the extent that the collateral is utilized subject to verification of the extent and validity of the lien.

C. Debtor shall make monthly adequate assurance payments to Broadway Bank in the amount of $1,000.00 until further order of Court.

D. This order shall remain in full force and affect until confirmation of a plan of reorganization or further order of this Court whichever shall occur first.

E. This order is effective *nunc pro tunc* to August 19, 2008.

Dated: 2-12-09

ENTER: Jacqueline P. Cox
J. Cox
U.S. Bankruptcy Judge

QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60604
312-540-7000


ROBERT J. ADAMS & ASSOCIATES
Attorneys for Debtor
125 South Clark, Suite 1810
Chicago, Illinois 60603

—4—