# Exhibit A

Firm No. 42045

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

STATE FARM MUTUAL )
AUTOMOBILE INSURANCE )
COMPANY, )
            )
        Plaintiff, )
            )
    -vs- )    Court No.  09CH23741
            )
VALET PARKING SERVICES, INC, )
PAUL PHELPS, TIMOTHY SAMUELSON )
GLEN A. STASI AND MARIAN STASI, )
            )
        Defendants. )

FILED
CH-2601
JUL 16 2009
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), by and through its attorneys, BOKOTA, WILSON, MCCLOSKEY & LONG, P.C., and for its Complaint for Declaratory Judgment, states as follows:

### I.
### NATURE OF THE ACTION

This lawsuit is a declaratory judgment action concerning the availability of insurance coverage for Timothy Samuelson and Valet Parking Services, Inc. under a certain insurance policy issued to State Farm insureds, Glen Stasi and Marian Stasi. Glen Stasi and Marian Stasi were Indiana residents, and thus, were issued a State Farm Indiana policy form 9814A. The subject policy contains an exclusion of coverage if an *insured* is *"valet parking a vehicle."*

## II.
## GENERAL ALLEGATIONS

1. State Farm is an Illinois Insurance Corporation, with its principal place of business in Bloomington, Illinois. State Farm is licensed to and does insurance business in the State of Indiana.

2. Valet Parking Services, Inc. is an Illinois Corporation, with its principle place of business in Illinois.

3. Paul Phelps is an Illinois resident, and was employed by Valet Parking Services, Inc. at all relevant time periods.

4. Upon information and belief, Timothy Samuelson is an Illinois resident, and has brought a personal injury lawsuit entitled, <u>Timothy Samuelson v. Valet Parking Service, Inc., Marian Stasi and Glen A. Stasi</u> (hereinafter "lawsuit"), currently pending in the Cook County Circuit Court, under Cause No. 08 L 13672.

5. Glen Stasi and Marian Stasi are residents of Indiana, and named defendants in the subject personal injury lawsuit.

6. Plaintiff, Timothy Samuelson, has filed a personal injury lawsuit against Valet Parking Services, Inc., Paul Phelps, Timothy Samuelson, Glen A. Stasi And Marian Stasi, arising out of an incident, wherein Samuelson claims that as he was riding a bicycle alongside the vehicle owned by the Stasis', as it was being operated and/or parked by valet, Paul Phelps, an employee of Valet Parking Services, Inc.

7. This declaratory action seeks a determination of the respective rights and duties between State Farm, Valet Parking Services, Inc., Paul Phelps, Timothy Samuelson, Glen A. Stasi And Marian Stasi, arising out of claims for insurance coverage as asserted by Paul Phelps, and his employer, Valet Parking Services, Inc.

2

8. State Farm seeks a declaration that it does not owe a duty to defend or indemnify either Paul Phelps or Valet Parking Services, Inc. with respect to the claims set forth in a complaint filed in the Cook County Circuit Court as well as the claims for coverage arising out of said lawsuit. (Attached hereto as Exhibit "A" is a copy of the underlying complaint.)

9. Since the named insureds under the policy, Glen Stasi and Marian Stasi, are residents of Indiana, and the insurance contract was entered into between the Stasis and State Farm, Indiana law controls the interpretation and application of the policy provisions.

## III.
## THE UNDERLYING ACTION

10 Timothy Samuelson filed the underlying action in the Circuit Court of Cook County, Law Division, under Case No. 08 L 13672.

11. The live pleading in the underlying action is Samuelson's First Amended Complaint.

12. The underlying action seeks to impose liability upon Paul Phelps, Valet Parking Services, Inc., and Glen Stasi and Marian Stasi, as agents/principals for Paul Phelps, a permissive user of the vehicle.

13. The underlying complaint alleges that on and prior to January 2, 2007, Valet Parking Services, Inc. was in the business of, inter alia, providing valet parking services for restaurants, for other establishments, and others.

14. The underlying complaint alleges that on and prior to January 2, 2007, Valet Parking Service, Inc. assigned two or more parking attendants to a marked parking station to park vehicles in the evening for patrons of a restaurant named "Petterino's."

15. The underlying complaint alleges that on and prior to January 2, 2007, Paul Phelps was wearing a coat which bore the logo "Valet Parking Service, Inc."

16.     The underlying complaint alleges that on and prior to January 2, 2007, Paul Phelps was working as an employee of the Defendant, Valet Parking Service, Inc.

17.     The underlying complaint alleges that on and prior to January 2, 2007, Paul Phelps was working as an agent of the Defendant, Valet Parking Service, Inc.

18.     The underlying complaint alleges that on and prior to January 2, 2007, Paul Phelps, while working as an employee or actual or apparent agent of Valet Parking Service, Inc., parked a vehicle, to wit, a Toyota Highlander.

19.     The underlying complaint alleges that on January 2, 2007, the Plaintiff, Timothy Samuelson, was operating a bicycle in the far right hand portion of and in an easterly direction along Lake Street, at or near its intersection with Dearborn Street, Chicago, Illinois.

20.     The underlying complaint alleges that on and prior to January 2, 2007, Paul Phelps suddenly opened the driver's side door of the Toyota Highlander immediately into the path of the Plaintiff, who subsequently fell off his bicycle onto the pavement of Lake Street and was injured.

21.     The underlying complaint alleges in Count I of Plaintiff's First Amended Complaint, that Defendant, Valet Parking Services, Inc., through its employee, Paul Phelps, violated Illinois Compiled Statutes and the Municipal Code of Chicago for failing to keep a proper lookout for bicycle traffic, failing to yield the right of way to Plaintiff, who was operating a bicycle, failing to avoid an accident, and negligently opening the driver's side door of a vehicle into the path of oncoming bicycle traffic.

22.     The underlying complaint alleges under Count II of Plaintiff's First Amended Complaint that Defendants, Marian Stasi and/or Glen Stasi, permitted parking attendant, Paul Phelps, to take possession of her vehicle for purposes of parking the vehicle.

23. The underlying complaint alleges under Count II of Plaintiff's First Amended Complaint that Defendants, Marian Stasi and/or Glen Stasi, permitted "some friend, relative, or other person, to use their Toyota Highlander vehicle.

24. The underlying complaint alleges under Count II of Plaintiff's First Amended Complaint that Paul Phelps was a permitted user of Defendants, Marian Stasi and/or Glen Stasi's, vehicle, and was operating their vehicle as their agent.

25. The underlying complaint alleges in Count II of Plaintiff's First Amended Complaint, that Defendants, Marian Stasi and/or Glen Stasi, had a liability policy of insurance for their Toyota Highlander with State Farm Automobile Insurance Company, under policy number 0874-344-14A.

26. The underlying complaint alleges in Count II of Plaintiff's First Amended Complaint, that Defendant, Paul Phelps, as an agent for Marian Stasi and/or Glen Stasi, committed one or more acts or omissions, including the violation of Illinois Compiled Statutes and the Municipal Code of Chicago in failing to keep a proper lookout for bicycle traffic, failing to yield the right of way to Plaintiff, who was operating a bicycle, failing to avoid an accident, and negligently opening the driver's side door of a vehicle into the path of oncoming bicycle traffic.

27. The underlying complaint seeks damages against all Defendants, under both Counts, for the alleged injuries suffered by Plaintiff, and also seeks judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## IV.
## THE STATE FARM POLICY

28. State Farm issued to Glen Stasi and Marian Stasi, as named insureds, an Indiana Car Policy, 0874-344-14A, form number 9814A. (the "policy"). (See attached hereto as Exhibit

"B" a copy of the policy.) The named insureds on the policy are Glen Stasi and Marian Stasi, with a primary residential address of 2014 Ramblewood Drive, Highland, Indiana 46322.

29. The State Farm policy specifically addresses "Choice of Law":

**Choice of Law**

Without regard to choice of law rules, the law of the State of:

    a. Indiana will control, except as provided in item b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

    b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

        (1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Automobile Insurance Company; or

        (2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Automobile Insurance Company.

30. Based upon the express provisions of the policy, Indiana law will control the interpretation and application of any specific exclusions contained in the Policy.

31. The coverage grant of the policy reads in relevant part:

### LIABILITY COVERAGE

**Additional Definition**

***Insured*** means:

    1. ***you*** and ***resident relatives*** for:

        a. the ownership, maintenance, or use of:

            (1) ***your car***;
            (2) a ***newly acquired car***; or
            (3) a ***trailer***; and

        b. the maintenance or use of;

   (1) a *non-owned car*; or
   (2) a *temporary substitute car*;

2. the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a *car* that is *owned by*, or furnished by an employer to, a *person* who resides primarily in *your* household, but only if such *car* is neither *owned by*, nor furnished by an employer to, the first *person* shown as a named insured on the Declarations Page or that *person's* spouse;

3. any other *person* for his or her use of:

   a. *your car*
   b. a *newly acquired car*
   c. a *temporary substitute car*, or
   d. a *trailer* while attached to a *car* described in a., b., or c. above

Such vehicle must be used within the scope of *your* consent; and

4. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined for the use of a vehicle by an insured as defined in items 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither owned by, nor hired by, that other *person* or organization.

*Insured* does not include the United States of America or any of its agencies.

32. The policy indicates payment will be made under the following conditions:

**Insuring Agreement**

1. *We* will pay:
   a. damages an *insured* becomes legally liable to pay because of:
      (1) *bodily injury* to others; and
      (2) damage to property caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;

   b. attorneys fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages; and

   c. court costs charged to an *insured* and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which *we* defend an *insured* with attorneys chosen by *us*.

*We* have no duty to pay attorney fees and court costs incurred after *we* deposit in court or pay the amount due under this policy's Liability Coverage.

2. *We* have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an *insured* in any claim or lawsuit with attorneys chosen by *us*; and
   c. appeal any award or legal decision for damages payable under this policy's Liability Coverage.

33. However, the policy also contains the following, specific, **exclusion**:

**Exclusions**

THERE IS NO COVERAGE FOR AN *INSURED:*

9. WHILE THAT *INSURED* IS VALET PARKING A VEHICLE;

## V.
## THE EXPRESS TERMS OF THE POLICY BAR COVERAGE

34. Under the express terms, conditions and exclusions of the policy, there is no coverage under the State Farm policy for the alleged "insureds," Valet Parking Services, Inc., and its employee/agent, Paul Phelps, as Phelps was acting within the scope of his employment as a valet at the time of the incident, and was valet parking the vehicle at the time of the incident.

35. Without limitation, the following policy provision(s) apply as a bar to coverage:

   a. The claims arising out of the underlying complaint clearly demonstrate that there is no coverage for an insured that is "valet parking a vehicle."

36. State Farm has no duty to defend or indemnify Valet Parking Services, Inc., and its employee/agent, Paul Phelps, against the Underlying Action.

37. State Farm has no duty to pay any judgment obtained against Valet Parking Services, Inc. and its employee/agent, Paul Phelps, in the underlying action.

38. State Farm has no duty to pay any attorney fees regarding the defense of Valet Parking Services, Inc. and its employee/agent, Paul Phelps, in the underlying action.

39. Pursuant to 735 ILCS 52-701, et seq., State Farm is entitled to a judicial determination concerning the scope and nature of its rights and obligations, if any, under the policy issued to Glen Stasi and Marian Stasi and for all other parties to this action with respect to the underlying action.

WHEREFORE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY requests that this Court enter a judgment and order declaring the rights and obligations of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Valet Parking Services, Inc., and/or Paul Phelps, Timothy Samuelson, Glen A. Stasi and Marian Stasi, as follows:

a. There is no coverage afforded under the policy by State Farm Mutual Automobile Insurance Company to Valet Parking Services, Inc. and Paul Phelps with respect to defense obligations, indemnity obligations, and obligations to pay judgments against Valet Parking Services, Inc. and Paul Phelps in connection with the underlying action;

b. State Farm Mutual Automobile Insurance Company has no obligation under the policy to defend, to pay defense costs, and/or indemnify Valet Parking Services, Inc. and Paul Phelps with respect to the underlying action;

c. State Farm Mutual Automobile Insurance Company has no obligation under the policy to pay or indemnify Valet Parking Services, Inc. and Paul Phelps for any judgment, award, or settlement entered in the underlying action;

d. There is no coverage afforded under the policy issued by State Farm Mutual Automobile Insurance Company to Valet Parking Services, Inc. and Paul Phelps with respect to the claims asserted in the underlying action;

e. State Farm Mutual Automobile Insurance Company has no obligation under the policy to indemnify or pay damages to the underlying plaintiffs with respect to the underlying action;

f. State Farm Mutual Automobile Insurance Company has no obligation to indemnify the underlying plaintiffs for any judgment, award, or settlement entered in the underlying action;

9

Granting such other appropriate relief as the Court deems just and proper.

Respectfully submitted,

Bokota, Wilson McCloskey & Long, P.C.

By: _____

One of the Attorneys for Plaintiff

David A. Wilson
Firm No. 42045
Bokota, Wilson McCloskey & Long, P.C
9211 South Broadway
Merrillville, IN. 46410
Tel:  (219) 756-7901
Fax: (219) 756-7902

COPY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| TIMOTHY SAMUELSON, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | No.: 08 L 13672 |
| ) | |
| VALET PARKING SERVICE, INC., ) | |
| an Illinois Corporation, MARIAN STASI, ) | |
| and GLEN A. STASI, ) | |
| ) | |
| Defendants. ) | |

FIRST AMENDED COMPLAINT AT LAW

Plaintiff, TIMOTHY SAMUELSON, by his attorneys, LAW OFFICES OF MARK V. FERRANTE, and complaining of the Defendants, VALET PARKING SERVICE, INC. an Illinois corporation, MARIAN STASI and GLEN A. STASI, pleading hypothetically and in the alternative, states as follows:

Count I (vs. Valet Parking Service, Inc.)

1. On and prior to January 2, 2007, the Defendant, VALET PARKING SERVICE, INC. was an Illinois corporation licensed by the Illinois Secretary of State to conduct business in Illinois.

2. On and prior to January 2, 2007, VALET PARKING SERVICE, INC. was in the business of, *inter alia*, providing valet parking services for restaurants, for other establishments and for individuals.

3. On and prior to January 2, 2007, VALET PARKING SERVICE, INC. agreed to provide valet parking services for a restaurant commonly known as Petterino's located at 150 North Dearborn Street, Chicago, Illinois.

4. On and prior to January 2, 2007, VALET PARKING SERVICE, INC. set up a valet parking station at or near the entrance to Petterino's.



EXHIBIT A

5. On January 2, 2007, the aforementioned parking station consisted of a valet parking sign which bore the name VALET PARKING SERVICE, INC.

6. On January 2, 2007, VALET PARKING SERVICE, INC. assigned two or more parking attendants to the aforementioned parking station to park vehicles in the evening for patrons of Petterino's.

7. On January 2, 2007, one of the parking attendants who was working at the parking station on said date was PAUL PHELPS.

8. On January 2, 2007 at all relevant times, PAUL PHELPS was wearing a coat which bore a logo which said "Valet Parking Service, Inc."

9. On January 2, 2007, PAUL PHELPS was working as an employee of the Defendant, VALET PARKING SERVICE, INC.

10. On January 2, 2007, PAUL PHELPS was working as an agent of the Defendant, VALET PARKING SERVICE, INC.

11. On January 2, 2007, PAUL PHELPS was working as an apparent agent of the Defendant, VALET PARKING SERVICE, INC.

12. On January 2, 2007 at or before 5:30 p.m., PAUL PHELPS, while working as employee or actual or apparent agent of VALET PARKING SERVICE, INC. parked a vehicle (to wit a Toyota Highlander which bore the vehicle number JTEEP21A040061502 and Indiana license plate number 94 K 7430) in the south curb lane of Lake Street, at or immediately in front of the Lake Street entrance of a restaurant commonly know as Burrito Beach (which is located approximately 20 feet east of Dearborn Street, in the City of Chicago, State of Illinois).

13. On, prior and subsequent to January 2, 2007, Defendants, MARIAN STASI and GLEN A. STASI owned the aforementioned Toyota Hylander vehicle which bore the vehicle number

2

JTEEP21A040061502 and Indiana license plate number 94 K 7430

14. On January 2, 2007 at approximately 5:30 p.m., the Plaintiff, TIMOTHY SAMUELSON, was operating a bicycle in the far right hand portion of and in an easterly direction along Lake Street, at or near its intersection with Dearborn Street, Chicago, Illinois.

15. On January 2, 2007, at approximately 5:30 p.m., PAUL PHELPS suddenly opened the driver's side door of the Toyota Highlander immediately into the path in which the Plaintiff, TIMOTHY SAMUELSON was operating his bicycle.

16. On January 2, 2007, as a result of PAUL PHELPS suddenly opening the driver's side door of the aforementioned Toyota Highlander, the Plaintiff, TIMOTHY SAMUELSON fell off of his bicycle onto the pavement of Lake Street and was injured.

17. On said date, the Defendant, VALET PARKING SERVICE, INC., through its employee PAUL PHELPS, was guilty of one or more of the following acts and/or omissions:

   a. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to keep a proper look out for bicycle traffic that was then and there upon the right hand portion of the roadway;

   b. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to yield the right of way to the Plaintiff who was in operating his bicycle in the far right hand portion of the roadway;

   c. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to avoid an accident when it was possible to do so; and,

   d. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, opened the driver's side door of a vehicle into the path of oncoming bicycle traffic.

18. As a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, VALET PARKING SERVICE, INC., through its employee PAUL PHELPS, the Plaintiff, TIMOTHY SAMUELSON, was injured, both externally and internally; has suffered and will in the future suffer great

3

pain and suffering; has been disabled and has been kept from attending to his ordinary affairs and duties; has lost and will in the future lose great gains which he otherwise would have made and acquired; has become liable for large sums of money for hospital and medical care and attention; and, has been damaged in his earning capacity; all of which injuries and conditions are permanent.

19. On said date, the Defendant, VALET PARKING SERVICE, INC., through its actual or apparent agent, PAUL PHELPS, was guilty of one or more of the following acts and/or omissions:

   a. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to keep a proper look out for bicycle traffic that was then and there upon the right hand portion of the roadway;

   b. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to yield the right of way to the Plaintiff who was in operating his bicycle in the far right hand portion of the roadway;

   c. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to avoid an accident when it was possible to do so; and,

   d. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, opened the driver's side door of a vehicle into the path of oncoming bicycle traffic.

20. As a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, VALET PARKING SERVICE, INC., through its actual or apparent agent, PAUL PHELPS, the Plaintiff, TIMOTHY SAMUELSON, was injured, both externally and internally; has suffered and will in the future suffer great pain and suffering; has been disabled and has been kept from attending to his ordinary affairs and duties; has lost and will in the future lose great gains which he otherwise would have made and acquired; has become liable for large sums of money for hospital and medical care and attention; and, has been damaged in his earning capacity; all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, TIMOTHY SAMUELSON, demands judgment against the Defendant, VALET PARKING SERVICE, INC., for an amount in excess of FIFTY THOUSAND ($50,000.00)

4

DOLLARS as the trier of fact finds to be fair and adequate compensation, plus costs of this lawsuit.

## Count II (vs. Marian Stasi and Glen A. Stasi)

1-16. Plaintiff, TIMOTHY SAMUELSON, hereby incorporates paragraph numbers 1 through 18 of Count I as paragraph numbers 1 through 16 of Count II, as though fully set forth, herein.

17. On January 2, 2007, Defendant MARIAN STASI permitted parking attendant PAUL PHELPS to take possession of her Toyota Hylander vehicle for the purposes parking the vehicle at a location other than where she handed possession of the vehicle to PAUL PHELPS.

18. On January 2, 2007, Defendant GLEN A. STASI permitted parking attendant PAUL PHELPS to take possession of the Toyota Hylander vehicle for the purposes parking the vehicle at a location other than where he handed possession of the vehicle to PAUL PHELPS.

19. On and prior to January 2, 2007, MARIAN STASI and/or GLEN A. STASI permitted some friend, relative or other person to use their Toyota Hylander vehicle.

20. On January 2, 2007, the friend, relative or other person, who MARIAN STASI and/or GLEN A. STASI permitted to use the Toyota Hylander vehicle, permitted parking attendant PAUL PHELPS to take possession of the Toyota Hylander vehicle for the purposes parking the vehicle at a location other than where he or she handed possession of the vehicle to PAUL PHELPS.

21. On January 2, 2007, PAUL PHELPS was a permitted user of Defendants MARIAN STASI'S and GLEN A. STASI'S Toyota Hylander vehicle and as such he was operating the vehicle as their agent.

22. On and prior to January 2, 2007, Defendants, MARIAN STASI AND GLEN A. STASI had a liability policy of insurance for their Toyota Hylander vehicle with State Farm Mutual Automobile Insurance Company under policy number 87 4344-B11-14A.

5

23. PAUL PHELPS, as an agent of Defendants MARIAN STASI and GLEN A. Stasi committed one or more the following acts and/or omissions:

   a. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to keep a proper look out for bicycle traffic that was then and there upon the righthand portion of the roadway;

   b. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to yield the right of way to the Plaintiff who was in operating his bicycle in the far right hand portion of the roadway;

   c. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to avoid an accident when it was possible to do so; and,

   d. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, opened the driver's side door of a vehicle into the path of oncoming bicycle traffic.

24. PAUL PHELPS, as an agent of Defendants MARIAN STASI and GLEN A. STASI (through their permitting a friend, relative or other person to use of the Toyota Hylander and that person permitting PAUL PHELPS to use the Toyota Hylander vehicle), committed one or more the following acts and/or omissions:

   a. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to keep a proper look out for bicycle traffic that was then and there upon the right hand portion of the roadway;

   b. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to yield the right of way to the Plaintiff who was in operating his bicycle in the far right hand portion of the roadway;

   c. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, failed to avoid an accident when it was possible to do so; and,

   d. In violation of provisions of Illinois Complied Statutes and the Municipal Code of Chicago, opened the driver's side door of a vehicle into the path of oncoming bicycle traffic.

25. As a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, VALET PARKING SERVICE, INC., through its employee or actual or apparent agent, PAUL PHELPS,

6

who was operating the Toyota Hylander vehicle as an agent of Defendants, MARIAN STASI and GLEN A. STASI, the Plaintiff, TIMOTHY SAMUELSON, was injured, both externally and internally; has suffered and will in the future suffer great pain and suffering; has been disabled and has been kept from attending to his ordinary affairs and duties; has lost and will in the future lose great gains which he otherwise would have made and acquired; has become liable for large sums of money for hospital and medical care and attention; and, has been damaged in his earning capacity; all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, TIMOTHY SAMUELSON, demands judgment against the Defendant, MARIAN STASI, for an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS as the trier of fact finds to be fair and adequate compensation, plus costs of this lawsuit.

WHEREFORE, Plaintiff, TIMOTHY SAMUELSON, demands judgment against the Defendant, GLEN A. STASI, for an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS as the trier of fact finds to be fair and adequate compensation, plus costs of this lawsuit.

LAW OFFICES OF MARK V. FERRANTE

BY: _____
Mark V. Ferrante,
Attorney for the Plaintiff.

LAW OFFICES OF MARK V. FERRANTE
161 North Clark Street
Suite 2575
Chicago, Illinois 60601
312-578-0303

Attorney No. 45175

7